**Affirm and Opinion Filed June 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00201-CR**

**NORRIS PAUL DIXON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2032551-U**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Nowell

A jury convicted Norris Paul Dixon of aggravated assault with a deadly weapon against a family member. In two issues, appellant argues the evidence is insufficient to prove he used or exhibited a deadly weapon or he threatened the complainant with imminent harm.[1] We affirm the trial court's judgment.

---

[1] Appellant's brief purports to raise a third issue, which states: "Any judgment that survives should not include a finding of a deadly weapon." Appellant provides no explanation about why he believes the deadly weapon finding should not remain. Rather, the entire argument he provides on this point is: "If acquittal is ordered, there would be no need for this judgment to have a 'deadly weapon' finding." In the interest of justice, we consider the sufficiency of the evidence supporting the deadly weapon finding. As we conclude the evidence is sufficient to support appellant's conviction, a judgment of acquittal will not be rendered.

When reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). The verdict will be upheld if any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *Id.* "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The finder of fact is the sole judge of the weight and credibility of the evidence. *Edward*, 635 S.W.3d at 655. When considering a claim of evidentiary insufficiency, we must keep in mind that the finder of fact may choose to believe or disbelieve all, some, or none of the evidence presented. *Id*. The evidence is sufficient to support a conviction if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* at 655-56 (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)). When faced with conflicts in the evidence, a reviewing court shall presume that the fact finder resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

We measure the sufficiency of the evidence against the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or

unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019).

As is relevant here, a person commits an offense if the person intentionally or knowingly threatens another with imminent bodily injury and uses or exhibits a deadly weapon during the commission of the assault. TEX. PEN. CODE ANN. § 22.01(a)(2), 22.02(a)(2). One "uses" a deadly weapon during the commission of an assault if the deadly weapon was "utilized, employed, or applied in order to achieve its intended result: 'the commission of a felony offense.'" *Safian v. State*, 543 S.W.3d 216, 223 (Tex. Crim. App. 2018) (quoting *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989)). Exhibiting a deadly weapon "only requires that a deadly weapon be consciously shown, displayed, or presented to be viewed during 'the commission of a felony offense.'" *Id.* (quoting *Patterson*, 769 S.W.2d at 941). Using a deadly weapon extends to "any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony." *Id.* at 223–24 (quoting *Patterson*, 769 S.W.2d at 941). The court of criminal appeals has noted that "'one can 'use' a deadly weapon without exhibiting it, but it is doubtful that one can exhibit a deadly weapon during the commission of a felony without using it.'" *Id.* at 224 (quoting *Patterson*, 769 S.W.2d at 941).

Mary Stephenson described herself as a "stay-at-home granny/mom" who has been disabled for a decade. Appellant, her son, has a "real bad attitude"; he has yelled

at her and damaged her property, and she has called the police because of his behavior.

On the day of the incident, appellant came to her house to bathe and eat. While he was there, appellant told his mother: "I'm going to jail on your bitch-ass." He broke her glass coffee table, threw an ashtray at her TV, and broke her TV. He accused her of "fuck[ing] him over" and taking thousands of dollars from him. Appellant then went into the kitchen, retrieved a "big butcher knife," and threatened his mother with the knife. She testified: "And then he rubbed his hand on the butcher knife." Stephenson recounted that appellant "came at me with the knife in his hand" and "said, I should have killed your bitch-ass." Appellant never raised the knife toward her. Stephenson was scared and felt threatened, and she called the police. On the recording of the 911 call, appellant can be heard yelling in the background. Officer Todd Mefford responded to the 911 call. He described Stephenson's apartment as being "tore up pretty good." Stephenson reported appellant told her that he was going to kill her.

The jury could have reasonably concluded appellant used or exhibited the knife, a deadly weapon, and threatened his mother with imminent bodily injury. Appellant argues his statement that he "should have killed your bitch-ass" was a statement about the past and did not express any present intent to act and, therefore, does not show an imminent threat. However, in addition to the statement appellant discusses, the evidence includes Mefford's testimony that Stephenson told him that

—4—

appellant threatened to kill her and Stephenson's testimony that appellant accused her of stealing money from him, appellant broke her table and TV, appellant displayed a knife while yelling at her, appellant "came at me with the knife in his hand," and appellant told her he would be going to jail that day because of her. Taking all of the evidence together, the jury could have concluded appellant used or exhibited a knife, a deadly weapon, while threatening his mother with imminent bodily injury. We overrule appellant's first and second issues.

We affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

220201f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

NORRIS PAUL DIXON, Appellant

No. 05-22-00201-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2032551-U. Opinion delivered by Justice Nowell. Justices Goldstein and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of June, 2023.